# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 11-23222-CV-Lenard/O'Sullivan

Tishawa W. Howard,

    Plaintiff,

vs.

RPS Companies, Inc.,

    Defendant.

_____/

### DEFENDANT RPS COMPANIES, INC.'S RESPONSE TO PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Defendant, RPS COMPANIES, INC., by and through its undersigned counsel, hereby provides its objections and responses to the Plaintiff's Request for Production of Documents served by Plaintiff, Tishawa W. Howard, on January 13, 2012.

### General Objections:

In supplement to its responses below, Defendant objects to Plaintiff's Request for Production of Documents to the extent that any of the items or documents requested are overbroad and vague in scope, irrelevant to the subject action, not reasonably calculated to lead to the discovery of admissible evidence, or protected from discovery by the attorney-client and attorney work-product privileges or any other privilege applicable to this action. Any inadvertent

- 1 -

production of documents subject to any of these general objections and privileges does not constitute a waiver of such objections or privileges by Defendant with respect to such documents or any information which may be obtained therefrom.

### Responses to Numbered Items of Plaintiff's Request to Produce:

1. Documents in the possession of Defendant are available for inspection and copying at a mutually convenient date and location.

2. Documents in the possession of Defendant are available for inspection and copying at a mutually convenient date and location.

3. Documents in the possession of Defendant are available for inspection and copying at a mutually convenient date and location.

4. None Available.

5. Documents in the possession of Defendant are available for inspection and copying at a mutually convenient date and location.

6. None Available.

7. None Available.

8. Documents in the possession of Defendant are available for inspection and copying at a mutually convenient date and location.

9. None Available.

10. None Available.

11. None Available.

12. Defendant objects to the request as it is irrelevant to the subject action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the extent that the production would result in the release of proprietary or trade secrets information to the Plaintiff.

13. Defendant objects to the request as it is irrelevant to the subject action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the extent that the production would result in the release of proprietary or trade secrets information to the Plaintiff. Without waiving said objections, Defendant states that it has no training materials responsive to this request.

14. Defendant objects to the request as it is irrelevant to the subject action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Defendant states that it has no documents responsive to this request.

15. Defendant objects to the request as it is irrelevant to the subject action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the extent that the production would result in the release of proprietary or trade secrets information to the Plaintiff. Without waiving said objections, Defendant states that it has no documents responsive to this request.

16. Defendant objects to the request as it is overbroad, irrelevant to the subject action and not reasonably calculated to lead to the discovery of admissible evidence.

17. Defendant objects to the request as it is overbroad, irrelevant to the subject action and not reasonably calculated to lead to the discovery of admissible evidence.

18. None Available.

19. Defendant does not maintain a document that would provide this information.

20. Other than the instant action, none available.

21. None Available.

22. None Available.

23. Defendant objects to the request as it is irrelevant to the subject action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the extent that the production would result in the release of proprietary or trade secrets information to the Plaintiff.

24. None Available.

25. None Available.

26. Documents in the possession of Defendant are available for inspection and copying at a mutually convenient date and location.

27. None Available.

28. Defendant objects to the request as it is irrelevant to the subject action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the extent that the production would result in the release of proprietary or trade secrets information to the Plaintiff.

29. Defendant objects to the request as it is irrelevant to the subject action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the extent that the production would result in the release of proprietary or trade secrets information to the Plaintiff.

30. None available.

31. None available.

32. None available.

33. Defendant objects to the request as it is overbroad and irrelevant to the subject action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Defendant states that it has no documents responsive to this request.

34. Defendant objects to the request as it is irrelevant to the subject action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Defendant states that it has no documents responsive to this request.

35. Documents in the possession of Defendant are available for inspection and copying at a mutually convenient date and location.

36. Defendant objects to the request as it is irrelevant to the subject action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, Defendant states that it has no documents responsive to this request.

37. Documents in the possession of Defendant are available for inspection and copying at a mutually convenient date and location.

38. Documents in the possession of Defendant are available for inspection and copying at a mutually convenient date and location.

39. Documents in the possession of Defendant are available for inspection and copying at a mutually convenient date and location.

40. See Response to Request No. 39.

41. None available.

42. None available.

43. Defendant objects to the request as it is irrelevant to the subject action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the extent that the production would result in the release of proprietary or trade secrets information to the Plaintiff.

44. None available.

45. Defendant objects to the request as it is overbroad and irrelevant to the subject action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Defendant does not possess documents in its possession that is responsive to the request.

46. Defendant objects to the request as it is overbroad and irrelevant to the subject action and not reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to the request as it seeks personal information of individuals that are not parties to the litigation and that would violate rights of privacy of said individuals.

47. Defendant objects to the request as it is overbroad and irrelevant to the subject action and not reasonably calculated to lead to the discovery of admissible evidence.  Defendant objects to the request as it seeks personal information of individuals that are not parties to the litigation and that would violate rights of privacy of said individuals.

48. Defendant objects to the request as it is overbroad and irrelevant to the subject action and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objections, Defendant states that it has no documents responsive to this request.

49. Defendant objects to the request as it is overbroad and irrelevant to the subject action and not reasonably calculated to lead to the discovery of admissible evidence.  Without waiving said objections, Defendant states that it has no documents responsive to this request.

50. None Available at this time.  Defendant reserves the right to name an expert and provide the information in accordance with the Court's case management Order.

51. Documents in the possession of Defendant are available for inspection and copying at a mutually convenient date and location.  Defendant reserves the right to supplement its response as to Request No. 51.

52. See Response to Request No. 8.

53. None Available.

54. None Available.

55. Defendant objects to the request as it is overbroad and irrelevant to the subject action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Defendant states that it has no documents responsive to this request.

56. Documents in the possession of Defendant are available for inspection and copying at a mutually convenient date and location.  Investigation continues.

57. Documents in the possession of Defendant are available for inspection and copying at a mutually convenient date and location. Investigation continues.

58. Documents in the possession of Defendant are available for inspection and copying at a mutually convenient date and location.

59. Defendant objects to the request as it is overbroad and irrelevant to the subject action and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objections, Defendant states that other than documents previously identified in response to prior Requests that will be provided to Plaintiff, Defendant would not possess documents responsive to the Request.

Defendant reserves the right to supplement its response in the event additional documents are discovered during the course of litigation.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 24, 2012, I electronically served the foregoing document upon Plaintiff's counsel. A copy was placed in the U.S. Mail to opposing counsel.

/s/John W. Zielinski
John W. Zielinski, Esquire
FL Bar No.: 527661
NeJame Law
NeJame, LaFay, Jancha, Ahmed,
Barker, Joshi & Moreno, P.A.
189 S. Orange Ave., Suite 1800
Orlando, FL  32801
Telephone: (407) 245-1232
Facsimile: (407) 245-2980
john@nejamelaw.com
Attorneys for RPS Companies, Inc.

Alan S. Fine
Florida Bar ID # 385824
afine@fine-law.com
Alan S. Fine, P.A.
255 Aragon Avenue, 2nd Floor

- 8 -

      Coral Gables, Florida 33134
      Telephone: (305) 424-2400
      Facsimile: (305) 424-2401
      Attorneys for RPS Companies, Inc.