# EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 11-23222-Civ-Lenard/O'Sullivan

TISHAWA W. HOWARD,

    Plaintiff,

v.

RPS COMPANIES, INC.,

    Defendant.
_____/

## PLAINTIFF'S REQUEST FOR PRODUCTION

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Plaintiff, Tishawa W. Howard, ("Plaintiff") requests that Defendant, RPS Companies, Inc., ("Defendant") produce within (30) days, the documents herein described and permit Plaintiff and his/her attorneys to inspect them and copy such of them as they may desire. Plaintiff requests that the documents be made available for this inspection at the offices of counsel for the Plaintiff, Donald A. Yarbrough, Esq., Suite 105, 2000 East Oakland Park Boulevard, Fort Lauderdale, FL 33306.

Plaintiff further requests that this inspection be permitted by Defendant immediately after Defendant's response to this request has been filed, and that his/her attorneys be permitted to remove from Defendant's custody such of the documents as they desire to copy, on the understanding that Plaintiffs attorneys will be responsible for these documents so long as they are in their possession, that

1

copying will be done at Plaintiffs expense, and that the documents will be promptly returned immediately after copying has been completed.

This request is intended to cover all documents in possession of the Defendant, or subject to his custody and control, regardless of location.

As used in this request, the term "document" means every writing or record of every type and description that is in the possession, control or custody of Defendant, including but without limitation to, correspondence, memoranda, stenographic or handwritten notes, studies, publications, books, pamphlets, pictures, films, voice recordings, reports, surveys; minutes or statistical compilations, data processing cards or computer records, files, disks, or tapes or print-outs; agreements, communications, state and federal governmental hearings, and reports, correspondence, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or interviews, diaries, graphs, reports, notebooks, note charts, plans, drawings, sketches, maps, summaries or records of meetings or conferences, summaries or reports of investigations or negotiations, opinions or reports of consultants, photographs, motion picture film, brochures, pamphlets, advertisements, circulars, press releases, drafts, letters, any marginal comments appearing on any document, and all other writings.

When a date is not specified in the request, the applicable date is four years

proceeding the date of filing of the Complaint up to the time of Defendant's response.

## DEFINITIONS

"FDCPA" means Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.*

"TCPA" means Telephone Consumer Protection Act, 47 U.S.C. §227 *et seq.*

"Plaintiff" means Tishawa W. Howard, or the person Defendant was attempting to contact when it placed the calls stated in the Complaint.

"Defendant" means RPS Companies, Inc.

"Debt" means that debt that Defendant was attempting to collect from the Plaintiff or the person Defendant was attempting to contact when it placed the calls stated in the Complaint.

"Original Creditor" means the creditor with whom the Plaintiff allegedly incurred the debt Defendant sought to collect from Plaintiff. "Original Creditor" includes any client of Defendant or other party for whom Defendant was acting in the course of its efforts to collect Plaintiff's alleged debt.

"Subsequent Creditor" means any creditor subsequent to the original creditor to whom the alleged debt of Plaintiff was transferred or who otherwise acquired Plaintiff's debt. "Subsequent Creditor" includes any client of Defendant or other party for whom Defendant was acting in the course of its efforts to collect Plaintiff's alleged debt.

"Automatic telephone dialing system" means an "automatic telephone dialing system" or "predictive dialer" as defined in the TCPA and the FCC's Declaratory Ruling of January 4, 2008 or any device which dials telephone numbers using any computer assisted or automated technology.

3

## DOCUMENTS TO BE PRODUCED

Please produce the following documents:

1. All documents relating to the alleged debt of Plaintiff.

2. All account history notes relating to the alleged debt of Plaintiff.

3. All documents relating to Defendant's activities to collect the debt allegedly due by Plaintiff.

4. All documents communicated between Defendant and Plaintiff regarding the collection of the alleged debt.

5. All documents evidencing the means by which Defendant obtained each telephone number of Plaintiff appearing in Defendant's records.

6. All documents communicated between Defendant and any other debt collector regarding the Plaintiff.

7. All agreements for the collection of debts between Defendant and the original creditor or any subsequent creditor.

8. All documents communicated between Defendant and the original creditor or any subsequent creditor regarding Plaintiff.

9. All documents communicated between Defendant and any other debt collector regarding Plaintiff.

10. Defendant's agreement with its client or principal for whom it was acting when it sought to collect Plaintiff's alleged debt.

11. All documents communicated between Defendant and its client or principal for whom it was acting when it sought to collect Plaintiff's alleged debt.

12. All material, including video and audio tapes, pertaining to training by or for the Defendant and its employees regarding the FDCPA.

13. All material, including video and audio tapes, pertaining to training by or for the Defendant and its employees regarding the TCPA.

14. All documents acknowledging training by the Defendant regarding the FDCPA executed by all employees who contacted the Plaintiff, their positions and responsibilities and dates of employment and their last known address if no longer employed by the Defendant.

15. All documents acknowledging training by the Defendant regarding the TCPA executed by all employees who contacted the Plaintiff, their positions and responsibilities and dates of employment and their last known address if no longer employed by the Defendant.

16. All complaints against Defendant from any governmental agency.

17. All complaints against Defendant from the Better Business Bureau.

18. An organizational chart for the Defendant.

19. All litigation filed against the Defendant alleging violations of the Fair Debt Collection Practices Act.

20. All litigation filed against the Defendant alleging violations of the Telephone Consumer Protection Act.

21. Any insurance policies covering the Defendant for violation of the Fair Debt Collection Practices Act.

22. Any insurance policies covering the Defendant for violation of the Telephone Consumer Protection Act.

23. All scripts used by the Defendant's employees with respect to collection of debts from individuals via telephone.

24. Transcripts and audio recordings of prerecorded telephone messages transmitted to consumers in an effort to collect a debt.

25. Transcripts and audio recordings of all incoming and outgoing telephone calls between the Defendant and Plaintiff, including any messages left by Defendant for Plaintiff.

26. All account history notes or other records of Defendant showing any record

of the telephone calls or other collection efforts of Defendant directed toward Plaintiff.

27. All credit reports of the Plaintiff, obtained by the Defendant.

28. All internal documents of the Defendant regarding the use of its collection manuals and collection efforts.

29. All manuals for all software programs, computer hardware and automatic telephone dialing systems used by the Defendant in its business of collecting debts.

30. All policies and procedures for communication of voicemail messages to individuals in an attempt to collect a debt.

31. All policies and procedures regarding Defendant's use of an automatic telephone dialing system in an attempt to collect debts.

32. All policies and procedures regarding Defendant's use of an artificial or prerecorded voice in its attempt to collect debts.

33. All records showing the total number of telephone calls Defendant placed on a daily, weekly and monthly basis using any automated dialing technology during the time period Defendant was telephoning Plaintiff.

34. Defendant's telephone bill showing the itemization of calls placed during the time period Defendant was telephoning Plaintiff.

35. All policies and *procedures* regarding Defendant's determination of whether Plaintiff consented to calls placed to Plaintiff's cellular telephone placed by an automatic telephone dialing system.

36. All policies and *procedures* regarding Defendant's determination of whether Plaintiff consented to calls placed to Plaintiff's cellular telephone using an artificial or pre-recorded voice.

37. All documents regarding Defendant's determination of whether Plaintiff consented to calls placed to Plaintiff's cellular telephone placed by an automatic telephone dialing system.

38. All documents regarding Defendant's determination of whether Plaintiff, consented to calls placed to Plaintiff's cellular telephone using an artificial or pre-recorded voice.

39. All documents demonstrating Plaintiff's consent to calls placed to Plaintiff's cellular telephone placed by an automatic telephone dialing system.

40. All documents demonstrating Plaintiff's consent to calls placed to Plaintiff's cellular telephone placed using an artificial or pre-recorded voice.

41. All policies and procedures regarding the determination by the Defendant as to whether its telephone calls to individuals' cellular telephones are for emergency purposes.

42. All documents evidencing Defendant's "skip tracing" of Plaintiff.

43. All documents relating to the maintenance of procedures by the Defendant adapted to avoid any violation of the Fair Debt Collection Practices Act.

44. All documents relating to the maintenance of procedures by the Defendant adapted to avoid any violation of the Telephone Consumer Protection Act.

45. All documents, audiotape and videotape evidencing the supervision of its employees by the Defendant.

46. Personnel files of all current and former employees who supervised the employees who engage in the collection of debts such as the debt Plaintiff allegedly owes, their positions and responsibilities and their dates of employment and their last known address if no longer employed by the Defendant.

47. Personnel files of all current and former employees of Defendant who have contacted Plaintiff, their positions and responsibilities and their dates of employment, and their last known address if no longer employed by the Defendant.

48. Personnel files of all current and former employees of Defendant who have authorized any communication with Plaintiff, their positions and responsibilities and their dates of employment, and their last known address if no longer employed by the Defendant.

49. Personnel files of all current and former employees of Defendant who have approved of any communication with Plaintiff, their positions and responsibilities and their dates of employment, and their last known address if no longer employed by the Defendant.

50. All reports and documents utilized by any expert which Defendant proposes to call at trial.

51. All exhibits which Defendant proposes to introduce at trial.

52. All document that evidence the transfer of Plaintiff's alleged debt from any creditor to Defendant.

53. All document that evidence the transfer of Plaintiff's alleged debt from any other debt collector to Defendant.

54. All documents that evidence the transfer of Plaintiff's alleged debt from Defendant to any other person or entity.

55. Completed applications for employment, background investigations, background questionnaire for all employees who contacted the Plaintiff, their positions and responsibilities and their dates of employment and their last known address if no longer employed by the Defendant.

56. All documents that support the factual basis of Defendant's denial of any of the allegations alleged in Plaintiff's Complaint.

57. All documents that support the factual basis of any Affirmative Defense asserted by Defendant in its Answer and Affirmative Defenses.

58. All documents identified in Defendant's Rule 26 Disclosures.

59. All documents consulted regarding allegations similar to the allegations alleged in Plaintiffs' Complaint in the course of your preparation of your responses to Plaintiffs' Request for Production.

DONALD A. YARBROUGH, ESQ.
Attorney for Plaintiff
Post Office Box 11842
Fort Lauderdale, Florida 33339
Telephone (954) 537-2000
Facsimile (954) 566-2235
donyarbrough@mindspring.com

By:_____
Donald A. Yarbrough, Esq.
Florida Bar No. 0158658

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing was furnished by US Mail with a courtesy copy via electronic mail on January 13, 2012, to:

Mr. John W. Zielinski, Esq.
NeJame, LaFay, Jancha, Ahmed, Barker, Joshi & Moreno, P.A.
Suite 1800
189 South Orange Avenue
Orlando, FL 32801-3261
Telephone: 407-245-1232
Facsimile:

Donald A. Yarbrough, Esq.
Florida Bar No. 0158658