**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRIT OF FLORIDA**

**CASE NO. 11-23222-CIV-LENARD/O'SULLIVAN**

TISHAWA W. HOWARD,

       Plaintiff,

v.

RPS COMPANIES, INC.
and LIVEVOX, INC.,

       Defendants.

_____/

## ANSWER AND AFFIRMATIVE DEFENSES
## TO FIRST AMENDED COMPLAINT

Defendant, LiveVox, Inc. ("LiveVox"), by and through the undersigned counsel, as and for its Answer and Affirmative Defenses to Plaintiff's First Amended Complaint (the "Amended Complaint") hereby states as follows:

1.      LiveVox admits that Plaintiff purports to allege violations of the Fair Debt Collection Procedures Act, 15 U.S.C. § 1692 *et seq.*, and the Telephone Consumer Protection Act, 47 U.S.C. § 227, but otherwise denies the allegations in Paragraph 1 of the Amended Complaint.

2.      LiveVox admits that this Court has subject matter jurisdiction under 28 U.S.C. § 1331, but otherwise denies the allegations in Paragraph 2 of the Amended Complaint.

3.      LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 3 of the Amended Complaint.

-1-

4.      LiveVox admits upon information and belief that Defendant, RPS Companies, Inc. ("RPS"), was formerly known as RPS Worldwide, Inc., but otherwise lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 4 of the Amended Complaint.

5.      As to Paragraph 5 of the Amended Complaint, admitted, except LiveVox denies that it is a "citizen" of the State of California.

6.      LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 6 of the Amended Complaint, except admits upon information and belief that RPS has sought to collect one or more debts.

7.      LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 7 of the Amended Complaint.

8.      The allegations of Paragraph 8 of the Amended Complaint set forth legal conclusions to which no response is required; to the extent a response is required, LiveVox admits upon information and belief that RPS has sought to collect one or more debts.

9.      LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 9 of the Amended Complaint.

10.     LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 10 of the Amended Complaint.

11.     LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 11 of the Amended Complaint, except LiveVox denies that it made any calls to Plaintiff and denies that RPS made any calls using LiveVox's hosted dialing service during August and September 2010.

LAW OFFICES OF PETROS & ELEGANT
4090 LAGUNA STREET, SECOND FLOOR • CORAL GABLES, FLORIDA 33146 • TELEPHONE (305) 446-3699 • FACSIMILE (305) 446-2799

12.      LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 12 of the Amended Complaint regarding calls made by RPS during August or September 2010, and otherwise denies the allegations of Paragraph 12 of the Amended Complaint.

13.      LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 13 of the Amended Complaint regarding calls made by RPS during August or September 2010, and otherwise denies the allegations of Paragraph 13 of the Amended Complaint.

14.      The allegations of Paragraph 14 of the Amended Complaint set forth legal conclusions to which no response is required, to the extent a response is required, LiveVox denies the allegations of Paragraph 14 of the Amended Complaint.

15.      LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 15 of the Amended Complaint.

16.      LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 16 of the Amended Complaint regarding calls made by RPS during August and September 2010, and otherwise denies the allegations of Paragraph 16 of the Amended Complaint for all times relevant to the Amended Complaint.

17.      The allegations of Paragraph 17 of the Amended Complaint set forth legal conclusions to which no response is required, to the extent a response is required, LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 17 of the Amended Complaint regarding calls made by RPS during August and September 2010 and otherwise denies the allegations of Paragraph 17 of the Amended Complaint.

18.     The allegations of Paragraph 18 of the Amended Complaint set forth legal conclusions to which no response is required, to the extent a response is required, LiveVox denies the allegations of Paragraph 18 of the Amended Complaint.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR

19.     LiveVox incorporates by reference its responses to paragraphs 1 through 18 of the Amended Complaint as if fully set forth herein.

20.     The allegations of Paragraph 20 of the Amended Complaint set forth legal conclusions against RPS and not LiveVox, and thus no response by LiveVox is required; to the extent a response is required, LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 20 of the Amended Complaint regarding calls made by RPS during August and September 2010 and otherwise denies the allegations of Paragraph 20 of the Amended Complaint.

With regard to Plaintiff's Prayer for Relief on this claim against RPS, a response is not required.  LiveVox avers that Plaintiff is not entitled to any relief from LiveVox.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

21.     LiveVox incorporates by reference its responses to paragraphs 1 through 20 of the Amended Complaint as if fully set forth herein.

22.     The allegations of Paragraph 22 of the Amended Complaint set forth legal conclusions against RPS and not LiveVox, and thus no response by LiveVox is required; to the extent a response is required, LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 22 of the Amended Complaint regarding calls made by RPS

LAW OFFICES OF PETROS & ELEGANT
4090 LAGUNA STREET, SECOND FLOOR • CORAL GABLES, FLORIDA 33146 • TELEPHONE (305) 446-3699 • FACSIMILE (305) 446-2799

Case No. 11-23222-CIV-LENARD/O'SULLIVAN

during August and September 2010 and otherwise denies the allegations of Paragraph 22 of the Amended Complaint.

With regard to Plaintiff's Prayer for Relief on this claim against RPS, a response is not required.  LiveVox avers that Plaintiff is not entitled to any relief from LiveVox.

**COUNT III**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT WITH RESPECT TO RPS COMPANIES, INC.**

23.     LiveVox incorporates by reference its responses to paragraphs 1 through 22 of the Amended Complaint as if fully set forth herein.

24.     The allegations of Paragraph 24 of the Amended Complaint set forth legal conclusions against RPS and not LiveVox, and thus no response by LiveVox is required; to the extent a response is required, LiveVox lacks sufficient information and knowledge to admit or deny the allegations in Paragraph 24 of the Amended Complaint regarding calls made by RPS during August and September 2010 and otherwise denies the allegations of Paragraph 24 of the Amended Complaint.

With regard to Plaintiff's Prayer for Relief on this claim against RPS, a response is not required.  LiveVox avers that Plaintiff is not entitled to any relief from LiveVox.

**COUNT IV**
**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT REGARDING LIVEVOX, INC.**

25.     LiveVox incorporates by reference its responses to paragraphs 1 through 24 of the Amended Complaint as if fully set forth herein.

26.     The allegations of Paragraph 26 of the Amended Complaint set forth legal conclusions and thus no response is required; to the extent a response is required, LiveVox lacks sufficient information and knowledge to admit or deny the allegations regarding calls made by RPS

-5-

during August and September 2010 and otherwise denies the allegations of Paragraph 26 of the Amended Complaint.

With regard to Plaintiff's Prayer for Relief, a response is not required.  LiveVox avers that Plaintiff is not entitled to any relief from LiveVox.  Moreover, all allegations of the Amended Complaint not expressly admitted to herein are denied.

## AFFIRMATIVE DEFENSES

### First Defense

The Amended Complaint fails to state a cause of action.

### Second Defense

Plaintiff and her counsel lack a good faith basis under Fed. R. Civ. P. 11 for some or all of the allegations contained in the Amended Complaint.  In correspondence with Plaintiff's counsel dated February 28, 2012 and March 1, 2012, LiveVox's national counsel informed Plaintiff's counsel that LiveVox had not done business with RPS since before June 2010 and provided call records supplied by LiveVox showing that no calls were made by RPS using LiveVox's hosted dialing system from June 1, 2010 through February 28, 2012.

### Third Defense

Plaintiff has not sustained any actual damages and is not entitled to recover any damages.

### Fourth Defense

To the extent Plaintiff can prove that she sustained any actual or other damages, those damages were not caused by LiveVox.  LiveVox expressly reserves its claims for contribution and indemnification.

Case No. 11-23222-CIV-LENARD/O'SULLIVAN

**Fifth Defense**

Upon information and belief, Plaintiff's TCPA claims fail because she gave her express

consent to be called on the phone number RPS allegedly called her on by providing that phone

number in connection with the transaction that gave rise to the alleged debt.

**RESERVATION TO RAISE ADDITIONAL AFFIRMATIVE DEFENSES**

LiveVox reserves the right to raise additional affirmative defenses as warranted by

discovery in this action.

**WHEREFORE**, LiveVox respectfully requests that the Court enter judgment in favor of

LiveVox, and dismiss the Complaint with prejudice, with costs and disbursements to LiveVox,

together with any other relief the Court finds to be just and proper.

Dated:  March 8, 2012
Miami, Florida


         /s/ Justin B. Elegant, Esq.
        William L. Petros, Esq. (FBN 378690)
        wlpetros@petroslaw.com
        Justin B. Elegant, Esq. (FBN 0134597)
        Jbelegant@petroslaw.com
        PETROS & ELEGANT
        4090 Laguna Street, 2nd Floor
        Coral Gables, Florida  33146
        Telephone:  (305) 446-3699
        Facsimile:    (305) 446-2799

        Nathaniel P.T. Read, Esq.
        nread@cohengresser.com
        COHEN & GRESSER LLP
        800 Third Avenue, 21st Floor
        New York, New York  10022
        Telephone:  (212) 757-7600

        *Attorneys for Defendant LiveVox, Inc.*

LAW OFFICES OF PETROS & ELEGANT
4090 LAGUNA STREET, SECOND FLOOR • CORAL GABLES, FLORIDA 33146 • TELEPHONE (305) 446-3699 • FACSIMILE (305) 446-2799

Case No. 11-23222-CIV-LENARD/O'SULLIVAN

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on March 8, 2012 this document is being filed electronically through the Court's CM-ECF website, and that a true and correct copy is being served on the parties named on the attached Service List via Notice of Electronic Filing generated by CM-ECF for those parties registered to receive such notice or by first class mail for those parties that are not registered.

    /s/ Justin B. Elegant, Esq.
William L. Petros, Esq. (FBN 378690)
wlpetros@petroslaw.com
Justin B. Elegant, Esq. (FBN 0134597)
Jbelegant@petroslaw.com
PETROS & ELEGANT
4090 Laguna Street, 2nd Floor
Coral Gables, Florida  33146
Telephone:  (305) 446-3699
Facsimile:    (305) 446-2799

Nathaniel P.T. Read, Esq.
nread@cohengresser.com
COHEN & GRESSER LLP
800 Third Avenue, 21st Floor
New York, New York  10022
Telephone:  (212) 757-7600

*Attorneys for Defendant LiveVox, Inc.*

LAW OFFICES OF PETROS & ELEGANT
4090 LAGUNA STREET, SECOND FLOOR • CORAL GABLES, FLORIDA 33146 • TELEPHONE (305) 446-3699 • FACSIMILE (305) 446-2799

Case No. 11-23222-CIV-LENARD/O'SULLIVAN

## <u>SERVICE LIST</u>

Donald A. Yarbrough, Esq.
Post Office Box 11842
Ft. Lauderdale, Florida  33339
Telephone:  (954) 537-2000
Facsimile:  (954) 566-2235
donyarbrough@mindspring.com
*Attorney for Plaintiff*

Alan S. Fine, Esq.
255 Alhambra Circle, Suite 850
Coral Gables, Florida  33134
Telephone:  (305) 424-2400
Facsimile:  (305) 424-2401
afine@fine-law.com
*Attorney for RPS Companies, Inc.*

John W. Zielinski, Esq.
NeJame, LaFay, Jancha, Ahmed,
Barker, Joshi & Moreno, P.A.
189 S. Orange Avenue, Suite 1800
Orlando, Florida  32801
Telephone:  (407) 245-1232
Facsimile:  (407) 245-2980
john@nejamelaw.com
*Attorneys for RPS Companies, Inc.*

LAW OFFICES OF PETROS & ELEGANT
4090 LAGUNA STREET, SECOND FLOOR • CORAL GABLES, FLORIDA 33146 • TELEPHONE (305) 446-3699 • FACSIMILE (305) 446-2799